# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

WAYNE ANTHONY CRIBBS,[1]  )
                                    )
    Petitioner,               )
                                    )
v.                                  )    Case No. CV409-095
                                    )
TERRY DUFFY, *Warden*, and  )
THE ATTORNEY GENERAL OF  )
THE STATE OF GEORGIA,      )
                                    )
    Respondents.           )

## REPORT AND RECOMMENDATION

Respondents move to dismiss Wayne Anthony Cribbs's 28 U.S.C. § 2254 petition as successive. (Doc. 8 at 1.) This is his fourth petition attacking the same 1991 conviction and life sentence for rape, kidnapping, and possession of a firearm.[2] *See Cribbs v. Lewis*, No.

---

[1] Petitioner lists his name as "Wayne Anthony." (Doc. 1 at 1.) Respondents discovered that he is in fact Wayne Anthony Cribbs, a frequent filer of 28 U.S.C. § 2254 petitions. (Doc. 8 at 1.) He included his prisoner number, 00222686, which confirms that he is, in fact, Wayne Anthony Cribbs. *See* Georgia Department of Corrections Inmate Query, Inmate Info, www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited July 1, 2009).

[2] In an obvious attempt to obfuscate his filing record, Cribbs omitted his past federal habeas corpus proceedings and altered his conviction date. (Doc. 1 at 4-5.) He indicated that his conviction was on February 22, 1984, when it actually occurred

CV499-263 (S.D. Ga. Apr. 17, 2000); *Cribbs v. Walker*, No. CV499-130 (S.D. Ga. Aug. 20, 1999); *Cribbs v. Linahan*, No. CV493-125 (S.D. Ga. July 15, 1994).

This Court lacks jurisdiction to consider Cribbs's habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Stat. 1214, amended the federal habeas statutes to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being brought in any district court. *See* 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. *Hill v.*

---

on February 22, 1991. *See Cribbs v. Linahan*, No. CV493-125 (S.D. Ga. June 17, 1994) (doc. 35).

2

*Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); *In re Medina*, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion). The present petition is successive and Cribbs has not presented a certificate from the Eleventh Circuit authorizing its consideration. Accordingly, respondents' motion to dismiss (doc. 8) should be **GRANTED** and this case should be **DISMISSED**. In addition, Cribbs appears to have lied under penalty of perjury. *See* notes 1 & 2 *supra*. While the threat of additional criminal penalties may have little deterrent effect on a prisoner serving a life sentence, the Court recommends that this matter be referred to the United States Attorney.

**SO REPORTED AND RECOMMENDED** this 6th day of July, 2009.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA